Hale, J.
This is a proceeding in error wherein the judgment of the court of common pleas is sought to be reversed. On the 16th day of September, 1876, Jacob Borger and the plaintiff, Jacob Zuelig, executed their promissory note to the Citizens’ Savings and Loan Association for the sum of two thousand ($2000.00) dollars. Borger, the principal in the note, secured the same by a mortgage which he executed to the Citizens’ Savings and Loan Association. Upen the face of the note both parties appeared as joint makers — no suggestion of suretyship, but it is conceded that in fact Zuelig was a surety. On the 12th day of May, 1898, Zuelig, the surety, paid this note; and on the 12th day of July, 1894, more than ten years after the payment of the note by him, he commenced this action on the mortgage,claiming to be the legal and equitable owner thereof, made so by the fact that he paid the debt whioh the mortgage was given to secure. He asked for an accounting, the foreclosure of the mortgage and the payment of his indebtedness.
A demurrer was interposed to the petition, on the ground that it did not state facts sufficient to constitute a cause of action; and the claim is, that at the time he action was commenced, the cause of action, if any there was, was barred by the statute of limitations, as appeared upon the face of the petition. We have treated it as raising the question of the statute of limitations. -«•
The claim of plaintiff is that by the payment of this in *661 debtedness, he became the absolute, equitable and legal owner of the note and mortgage whioh he had paid to the Citizens’ Savings and-Loan Association, as much so as if he had taken an assignment of the note aDd mortgage. Unless that proposition can be maintained, the plaintiff has no> standing in court.
In support of the demurrer, the contention is that the payment of the debt only created an equitable right in the' surety to enforce, by action, subrogation to the rights of the' creditor, and that that action is barred in ten years under our statute of limitations.
Each claim is to some extent supported by authority;; but the better reason, and the only one that commends itself to the court, is the position taken by defendant in support of the demurrer. We find that proposition supported by.two cases directly in point: First, 17 Ill. App., 499; and secondly, a case decided by the supreme court of the same state, reported in the 26th Northeastern Reporter, page 499. Without any further discussion we adopt the language of the court in that case as expressing the views of this court. Judge Bailey, speaking for the court, said: “This precise question (defendant’s claim) has never, so far as we are aware, been before this oourt; but in Simpson v. McPhail, 17 Ill. App., 499, it was considered by the appellate court cf the third district, and answered in the affirmative. The> theory apon which counsel for the complainant attempt to> assert the contrary view is, that the surety, by the mere act: of payment, became an equitable assignee of the judgment,, thus constituting him a creditor by specialty, and subject, only to the period of limitation applicable to debts of that character. There are doubtless expressions in some of the decisions to which counsel refei’ us which would seem to lend countenance to this view, but in our opinion the weight of authority is clearly the other way. The true rule would seem to be that a surety by payment does not become ipso facto subrogated to the rights of the creditor, but only acquires a right to such subrogation, and that, before the subrogation or equitable assignment can actually take place, he must actively assert his equitable right thereto, and this assertion, to be effectual, must be made before his legal remedies are barred”. Holding, that under the statute of limitations of that state,where the action at law was barred . in five years, this equitable action of subrogation was . also barred in five years. In our state, limitations of aotions . *662 purely equitable is ten years, and the supreme court has held that that clause of the statute applied to this class of cases. There are some early Pennsylvania cases to the same effect. There are two or three adjudications by the supreme court of Minnesota, which, while not directly in point, are of some weight in support of the proposition which we adopt. But without extending the discussion, our holding results in an affirmanoe of the judgment.
F. H. Kelly, and Dickey, Brewer & McGowan, Attorneys lor Plaintiff.
Solders, Hogsett & Knight, Attorneys for Defendant.
On the other question made in the record, we are net •agreed. I am of the opinion that inasmuch as an accounting is to be taken with the estate before a foreclosure of the mortgage oan be authorized, that the administrator is a very proper party, to say the least; but we are not fully agreed as to that point, and we leave it undetermined.